# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GERALD HUDSON, #224330, | : |
| Plaintiff, | : |
| vs. | :    CIVIL ACTION 09-0721-CG-N |
| FAMOUS ABSTON, et al., | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this action be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**I. Nature of Proceedings.**

Plaintiff's superseding amended complaint is before the Court. (Doc. 12). Its claims are based on two disciplinaries that plaintiff received in October, 2009.[1] (Id.). In screening the amended complaint, the Court found that additional information concerning

---

[1] The plaintiff should have filed a separate complaint for each disciplinary that he is challenging. See Doc. 12 at 1, C.

these disciplinaries was needed. (Doc. 13). Thereupon, plaintiff was ordered to file a copy of the disciplinary reports (id.), which he did. (Doc. 14).

The following description is based on plaintiff's allegations (Doc. 12) and the information in the disciplinary reports (Doc. 14). The disciplinary report for the conviction of consumption, use or under the influence of drugs, alcohol, or other intoxicants reflects that plaintiff was written a disciplinary on October 21, 2009 by defendant Famous Abston after notice was received on October 19, 2009 that plaintiff's urine specimen tested positive for marijuana. (Id. at 7). On November 1, 2009, defendant Steven Lane found plaintiff guilty and recommended a disciplinary sentence of ten days in disciplinary segregation and twenty-one days' loss of phone, store, and visitation privileges, with no good time credits to be taken. (Id. at 9; Doc. 12 at 4). On November 4, 2009, defendant Warden Walter Myers approved plaintiff's disciplinary conviction and sentence. (Doc. 14 at 9). And defendant Wayne Gray served the final disciplinary report on plaintiff on November 5, 2009. (Id.).

Plaintiff's other disciplinary conviction is for insubordination. (Id. at 1). Defendant Chandra Johnson wrote plaintiff this disciplinary for his conduct on October 27, 2009, when he came to the front lobby at 9:25 p.m. and stated in a "loud, belligerent tone" that he had tried for the past two days to have his paperwork notarized. (Id. at 2). She ordered plaintiff to leave the lobby unless the paperwork was time sensitive. (Id.). Nonetheless, plaintiff continued to talk in the same manner, and when he was leaving the lobby, he stated, "I am going to make sure Ferrell know[sic] about this." (Id.). On

2

November 3, 2009, defendant Philip R. Etheridge found plaintiff guilty of the charge and imposed a disciplinary sentence of twenty-one days in disciplinary segregation and twenty-one days' loss of phone, store, and visitation privileges. (Id. at 4). He also noted that plaintiff is not earning good time. (Id.). On November 6, 2009, defendant Warden Myers approved the disciplinary conviction and sentence. (Id.).

Turning to the amended complaint, its allegations that do not repeat the disciplinary reports' information are very brief and conclusory. For example, plaintiff claims in a general manner "the defendants" acted in concert to deprive him of access to the courts and equal protection. (Doc. 12 at 4).

Then, in regard to the drug use disciplinary, plaintiff claims that defendants Abston, Gray, Lane, and Myers acted in concert to deprive him of his equal protection and due process rights when he was prosecuted for inmate Sedrick Ruffin's positive urine specimen, which caused $31.50 to be taken from his inmate account. (Id. at 6).

Concerning the insubordination disciplinary, defendant Chandra Johnson is alleged to have denied him access to the courts and then punished him for seeking access. (Id. at 5). Defendant Etheridge allegedly conspired with defendant Johnson to prosecute plaintiff when he found plaintiff guilty without any evidence. (Id.). And defendant Myers also conspired with the other defendants when he approved plaintiff's prosecution for seeking access to the courts and for plaintiff being punished for another inmate's positive urine specimen. (Id.).

For relief, plaintiff seeks $10 million and expunction of the disciplinaries from his institutional and parole files. (Id. at 7).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding in forma pauperis, the Court is reviewing the amended complaint (Doc. 12) under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). That is,

---

[2]The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Bilal, 251 F.3d at 1348-49.

"[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second and third brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949.

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed2d 652 (1972). However, a court does not have a license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). Furthermore, a pro se litigant is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

## III. Discussion.

### A. Conspiracy Claim.

Plaintiff alleges that the defendants "conspired" or "acted in concerted" without providing any other facts to support these conclusions. In order to establish a § 1983 conspiracy, "a plaintiff must show among other things, that the defendants 'reached an understanding to violate [his] rights.'" Rowe v. Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002) (citation omitted) (brackets in original). This necessitates that plaintiff

provide more than a label or a conclusion. Twombly, 550 U.S. at 555, 127 S.Ct. at 1965. He must raise his right to relief above the speculative level and show sufficient facts to suggest that an agreement was made. Id. at 556, 127 S.Ct. at 1965. In addition to pleading facts to show that an agreement was reached to deny plaintiff's rights, an "underlying actual denial of [his] constitutional rights" must be shown. Hadley v. Gutierrez, 526 F.3d 1324, 1332 (11th Cir. 2008).

Inasmuch as plaintiff alleges no facts suggesting a conspiracy or an agreement, other than his mention of the word "conspired" or "acted in concert," his allegations do not allow the Court to draw the conclusion that a conspiracy claim is plausible. Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949. Accordingly, he has failed to state a conspiracy claim upon which relief can be granted, and such claim is due to be dismissed. *See* Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) (holding that a conspiracy allegation that is vague and conclusory fails to state a claim upon which relief can be granted and is subject to dismissal).

**B. Access-to-Courts Claim.**

Plaintiff alleges that he was denied access to the courts by defendants, and, in particular, defendant Johnson's actions. No information is provided concerning the underlying case in which the denial of access to the courts occurred or what occurred in the underlying case as a result of defendant Johnson's actions.

Due to plaintiff's conclusory pleading of this claim, he has failed to establish the required injury for stating a claim for denial of access to courts. That is, he has not

shown that he has been frustrated or impeded in the prosecution of his conviction's direct appeal, of his habeas petition, or of his civil rights action implicating a basic constitutional right[3] and that his underlying case was nonfrivolous. Lewis v. Casey, 518 U.S. 343, 353-54, 116 S.Ct. 2174, 2181-82, 135 L.Ed.2d 606 (1996); see Christopher v. Harbury, 536 U.S. 403, 416, 122 S.Ct. 2179, 2187, 153 L.Ed.2d 413 (2002) (holding that to show a claim is nonfrivolous, the underlying "claim must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."). Accordingly, the Court finds that plaintiff's allegations do not allow the Court to draw the conclusion that it is plausible that he has been denied access to the courts. Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949. Thus, plaintiff's claim for denial of access to courts fails to state a claim upon which relief can be granted. Moore v. Plaster, 266 F.3d 928, 933 (8th Cir.) (affirming the dismissal of access-to-courts claims because the plaintiff made no showing the dismissed underlying actions were nonfrivolous), cert. denied, 535 U.S. 1037 (2002).

**C. Equal Protection Claim.**

Plaintiff also claims that he was denied equal protection of the law. However, he provides no facts to support this claim. That is, he does not allege that another inmate receivable more favorable treatment and that this inmate is similar situated to him, and that he was invidiously discriminated against on account of some protected constitutional

---

[3]The Eleventh Circuit in Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998), interpreted this statement to include "direct or collateral appeals" of criminal convictions.

7

interest. In order "[t]o establish an equal protection claim, a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (quoting Damiano v. Florida Pardons & Parole Comm'n, 785 F.2d 929, 932-33 (11th Cir. 1986) (per curiam)). Thus, the absence of relevant allegations prevent the Court from finding a plausible equal protection claim. Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949. Accordingly, plaintiff has failed to state a claim upon which relief can be granted. See Fullman, 739 F.2d at 556-57 ("In civil rights actions, . . . a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory.").

**D. Disciplinary Claims.**

**1. Absence of Liberty Interests.**

**a. Confinement to Disciplinary Segregation.**

Plaintiff is challenging two disciplinaries that *did not* result in the loss of good-time credits. (Doc. 14 at 4, 9). However, plaintiff's disciplinary sentences did require his confinement to disciplinary segregation for ten and twenty-one days, and each disciplinary sentence required twenty-one days' loss of phone, store, and visitation privileges. (Id.).

Since the decision in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), an inmate must demonstrate a "grievous loss" in a disciplinary proceeding in order for a liberty interest to be found to which due process attaches. In

8

Sandin, supra, when an inmate challenged his thirty-day segregation sentence based on a due process violation, the Supreme Court was unable to find a right inherent in the Due Process Clause not to be placed in disciplinary segregation and a state-created liberty interest to be free from disciplinary segregation. Id. at 487, 115 S.Ct. at 2302. In concluding that no liberty interest was implicated by placement in disciplinary segregation, and thus no due process was required, the Court stated its holding was a return to the due process principles of Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), that required an inmate to suffer a "grievous loss" before a liberty interest could be found. Sandin, 515 U.S. at 478-83, 115 S.Ct. at 2297-2300 (recognizing that the good-time credits were a state-created liberty interest and their deprivation would be a "grievous loss"). The Sandin Court ruled that in the future liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, (citations omitted), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 480, 484, 115 S.Ct. at 2298, 2300. The Court concluded confinement to disciplinary segregation was not a dramatic departure from the ordinary conditions of incarceration, was the type of discipline a prisoner should expect as an incident to his criminal sentence, and "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. at 485-86, 115 S.Ct. at 2301.

In the present action, plaintiff's confinement to disciplinary segregation for ten days and twenty-one days did not deprive plaintiff of a liberty interest inherent in the Constitution. Similarly, there is no state-created liberty interest present because plaintiff's allegations are sparse and do not include information on which a liberty interest could be found. Thus, plaintiff's segregation confinement did not deprive him of a state-created liberty interest to which due process could attach. Accordingly, plaintiff has failed to state a claim upon which can be granted. *Compare* Williams v. Fountain, 77 F.3d 372, 374 n.3 (11th Cir.) (finding that twelve months of solitary confinement represent[s] substantially more atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life, [and] we assume that [a prisoner suffering such] a liberty deprivation [is] entitled to due process), cert. denied, 519 U.S. 952 (1996), with Sandin, 515 U.S. at 475, 487, 115 S.Ct. at 2296, 2302 (finding a thirty-day disciplinary sentence did not violate the Constitution or impinge upon a state-created liberty interest); Rodgers v. Singletary, 142 F.3d 1252, 1253 (11th Cir. 1998) (affirming that two months' confinement to administrative segregation was not a deprivation of constitutionally protected liberty interest).

### b. Loss of Phone, Store, and Visitation Privileges.

Plaintiff's two-time loss of twenty-one-days of phone, store, and visitation privileges, is not a liberty interest to which due process attaches, either under the Constitution or by the State's creation. The Constitution does not grant an inmate a right in visitation, store, and telephone privileges. *See* Kentucky Dept. of Corrections v.

Thompson, 490 U.S. 454, 460, 109 S.Ct. 1904, 1908, 104 L.Ed.2d 506 (1989) (finding an inmate does not have a protected interest in visitation arising from the Due Process Clause); Moore v. Pemberton, 110 F.3d 22, 23 (7th Cir. 1997) (finding no loss of liberty or property when prisoner received as part of his disciplinary punishment a two-week loss of commissary privileges); Walker v. Loman, 2006 WL 3327663, at *1 and *3 (M.D. Ala. Nov. 15, 2006) (holding the 90-day loss of store, telephone and visitation privileges, recommended custody increase, and referral for possible free-world prosecution did not result in the deprivation of a liberty interest) (unpublished). Moreover, the Alabama courts have determined a prisoner does not have a state-created liberty interest in store, telephone and visitation privileges. Dumas v. State, 675 So.2d 87, 88 (Ala. Crim. App. 1995). An inmate's ability to visit, to shop, and to use the telephone is heavily restricted while in prison, as are most aspects of an inmate's life. Sandin, 515 U.S. at 485, 115 S.Ct. at 2301. And the further restriction of these privileges for a short period of time is a less severe punishment than confinement to disciplinary segregation. Such restriction is not "atypical," nor is it a "significant hardship" under the Sandin analysis, and is a type of discipline that should be expected by a prisoner as an incident to his criminal sentence. See Id. at 475, 485, 115 S.Ct. at 2296, 2301. Thus, plaintiff does not have a liberty interest in phone, store, and visitation privileges to which due process could attach.

   2. **Lack of Evidence Claim.**

Plaintiff further alleges that there was no evidence to convict him of insubordination and that another inmate's urine was used to convict him for using drugs.

11

The Court construes these claims to be for a due process violation based on the lack of evidence to support his disciplinary convictions. However, because plaintiff does not have liberty interest under the Constitution or created by state law not to be confined to disciplinary segregation and not to have his phone, store, and visitation privileges further restricted temporarily, due process does not attach, and his claim fails. McKeithan v. Jones, 212 Fed. Appx. 129, 130 (3d Cir. Jan. 8, 2007) (finding that the Court could not address the plaintiff's challenges to factual conclusions by the hearing officer because under Sandin a protected interest was not violated); Hartley v. McNeil, 2008 WL 1844416, at *3 (N.D. Fla. Apr. 23, 2008) (because the plaintiff did not have a liberty interest under Sandin, supra, the protections offered by Wolff , supra, and Hill, infra, did not apply) .

However, assuming arguendo that plaintiff did have a liberty interest, the decision in Superintendent, Mass. Correctional Inst., Walpole v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985), would be applicable to plaintiff's claim that there was no evidence to support his disciplinary convictions. The Hill Supreme Court determined that a finding of "some evidence" in the disciplinary report to support a disciplinary conviction revoking good-time credits (a state-created liberty interest) satisfies due process. Id.  The "some evidence" standard does not require that the entire record be examined, or an independent assessment of witnesses' credibility, or the re-evaluation of evidence. Id.  Rather, "the relevant question is whether there is any

evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 456, 105 S.Ct. at 2774.

In the present action, the disciplinary report for each disciplinary conviction reflects the evidence relied on by the hearing officer. In regard to the drug use disciplinary, the procedures implemented, which included chain-of-custody evidence, were noted in the disciplinary report by defendant Lane and were relied on by him. Plaintiff points to no deficiency, but simply asserts that it was another inmate's urine that was tested. With no facts for the Court to draw the conclusion that it was another inmate's urine that was tested, this bald assertion by plaintiff lacks plausibility. Notwithstanding the Court concludes that there was "some evidence" in the disciplinary report to support the drug-use disciplinary. Thus, such a claim fails to state a claim upon which relief can be granted.

Turning to plaintiff's disciplinary hearing for insubordination, plaintiff simply states that there was no evidence to convict him without providing any further factual information to support this assertion. Whereas, the disciplinary report reflects the sworn testimony of the charging officer, defendant Johnson, which the hearing officer, defendant Etheridge, found to be credible. (Doc. 14 at 4). Thus, the insubordination disciplinary conviction is supported by "some evidence" and, therefore, satisfies due process. In light of there being "some evidence" and an absence of facts allowing the Court to draw the conclusion that there was no evidence to support his disciplinary conviction, plaintiff's claim lacks plausibility. Accordingly, the Court finds that such a

claim by plaintiff fails to state a claim upon which relief can be granted. *See* Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998) (although the plaintiff argued no evidence supported his disciplinary, the Fifth Circuit affirmed the district court's decision based on Sandin, and opined that "[e]ven if a constitutional liberty interest is implicated by Black's challenge to the disciplinary decision on the ground that no evidence supports the charge, the record reveals that 'some evidence' supports the charge.").

### 3. Retaliation Claim.

Plaintiff briefly indicates that he was punished for "seeking access to the courts." (Doc. 12 at 5). This claim is construed liberally by the Court as a retaliation claim. However, it falls short of being a viable retaliation claim. In order to state a retaliation claim, "a plaintiff must establish first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quotation omitted). In addition, plaintiff must allege sufficient facts to show that the retaliation claim is plausible. Id. (quoting Twombly, 127 S.Ct. at 1974).

Here, plaintiff has not alleged facts to show that his request for notarial services caused him to be charged with a disciplinary by defendant Johnson. Plaintiff alleges simply that he was disciplined as a result of his request. Whereas, to state a retaliation claim the facts must lead to the conclusion that plaintiff was retaliated against by defendant Johnson on account of this request. Smith v. Florida Dept. of Corrections,

14

2010 WL 1377351, at ** 5 (11th Cir. Apr. 8, 2010) (unpublished). That is, "a chronology of events from which retaliation may plausibly be inferred" must be alleged. Id. (quoting Cain v. Lane, 857 F.2d 1139, 1141-43 (7th Cir. 1988)).

Examining the other allegations in the amended complaint, they evince that plaintiff was written a disciplinary for being insubordinate. Consequently, the Court finds that plaintiff's brief and unsupported allegation does not support that a determination that he was disciplined in retaliation. *See* Id. (finding that the reason for the inmate receiving a disciplinary was his refusal to obey an order and that a retaliatory motive could not be inferred from him refusing to leave the infirmary when he had been ordered to do so). Accordingly, plaintiff has failed to state a retaliation claim upon which relief can be granted.

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this action be dismissed with prejudice for failure to state a claim upon which relief can be granted.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation.

**DONE** this 2nd day of July, 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL
RIGHTS AND RESPONSIBILITIES FOLLOWING
RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.     **<u>Objection</u>**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.
> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

<u>/s/ Katherine P. Nelson</u>
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).